# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES MCDOWELL, JR. | * |
| | * |
| v. | *    Civil No. PJM 09-1685 |
| | * |
| BOARD OF EDUCATION OF | * |
| PRINCE GEORGE'S COUNTY | * |
| | * |

## MEMORANDUM OPINION

Presently pending is Defendant Board of Education of Prince George's County's (the Board) motion to compel an independent mental examination (IME) of Plaintiff James McDowell, Jr. ECF No. 31. No hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, the Board's motion will be denied.

**I.  Discussion.**

Rule 35 of the Federal Rules of Civil Procedure allows a court to order a party whose mental or physical condition is in controversy to submit to a physical or mental examination. FED. R. CIV. P. 35(a)(1). A court will only compel an IME if the party's mental or physical condition is "in controversy" and the moving party shows good cause for compelling the examination. FED. R. CIV. P. 35(a). These requirements "are not met . . . by mere relevance to the case," but rather require a greater showing of need. *Ricks v. Abbott Laboratories*, 198 F.R.D. 647, 648 (D. Md. 2001)(citing *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964); *Guilford Nat'l Bank v. Southern Ry. Co.*, 297 F.2d 921, 925 (4th Cir. 1962)).

A plaintiff who is claiming emotional distress damages will not be required to submit to an IME unless one or more of the following factors is present:

> (1) plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder; (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of her claim for

emotional distress damages; and (5) plaintiff concedes that her mental condition is "in controversy" within the meaning of [Rule] 35(a).

*Ricks,* 198 F.R.D. at 648–49 (citing *Fox v. Gates Corp.,* 179 F.R.D. 303, 307 (D. Colo. 1998); *Turner v. Imperial Stores,* 161 F.R.D. 89, 95 (S.D. Cal. 1995)). This standard distinguishes between "more serious emotional distress that must be diagnosed and treated as a disorder by a psychiatrist and the less serious grief, anxiety, anger, and frustration that everyone experiences when bad things happen." *Ricks*, 198 F.R.D. at 649.

The Board argues that McDowell's mental condition is "in controversy" within the meaning of Rule 35 because he has alleged "severe emotional harm," has alleged that he has been depressed, and has spoken with pastors about this depression. This, however, is an allegation of ordinary mental distress, not a claim of a psychiatric disorder. McDowell does not allege a cause of action for infliction of emotional distress, does not allege unusual emotional harm, has not sought medical treatment, and his layman's use of the term "depression" does not allege a specific diagnosis or condition severe enough to require either expert treatment or expert testimony. Finally, McDowell does not seek to present expert testimony regarding his emotional damages.

The Board cites *EEOC v. Grief Bros. Corp.*, 218 F.R.D. 59 (W.D.N.Y. 2003), for the proposition that depression is in itself a serious disease that requires expert testimony. There, however, the court found that the plaintiff had a history of depression, previous suicide attempts, and recent treatment from mental health professionals. *Id.* at 62-63. Here, in contrast, McDowell's testimony is limited to a personal account of his emotional distress.

The Board also suggests that the court should not follow *Ricks* but rather hold that an IME is justified whenever any claim for emotional distress is made. This would, of course, largely render Rule 35's good cause requirement superfluous. It would also be inconsistent with

the court's duty to weight the burden and expense of a discovery request against its potential benefit. *See* FED. R. CIV. P 26(b)(2). Finally, the suggestion that McDowell was uncooperative when he was deposed regarding his mental distress does not create good cause for an IME. McDowell has the burden of proving his emotional distress, and the jury can assess any testimony he offers in court in light of that which he offered in his deposition.

## II.     **Conclusion.**

For the foregoing reasons, the Board of Education of Prince George's Board's motion to compel will be denied.

Date:  May 11, 2011                                                            /S/
                                                            JILLYN K. SCHULZE
                                                            United States Magistrate Judge